UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NAJIB ALI ADEN,

    Petitioner,

v.

KIRSTJEN NIELSEN, *et al.*,

    Defendant.

Case No. C18-1441RSL

ORDER DENYING PETITIONER'S MOTION TO ENFORCE COURT ORDER

## I. INTRODUCTION

This matter comes before the Court on petitioner's Motion to Enforce Order (Dkt. #17 ("Motion")) seeking review of an immigration judge's ("IJ") "no bond" determination after this Court ordered a bond hearing. Petitioner asserts that the IJ erroneously applied the evidentiary standard, depriving Petitioner of his due process rights. Dkt. #17. Petitioner has appealed the no bond determination to the Board of Immigration Appeals (BIA), but no decision has been rendered. Dkt. #17-1 at 1-14. This Court has jurisdiction to review the bond determination, but will not consider the motion to enforce because Petitioner has not fully exhausted his administrative remedies.

//

ORDER DENYING PETITIONER'S
MOTION TO ENFORCE COURT ORDER - 1

### III. DISCUSSION

**A. This Court has jurisdiction to review the bond determination.**

Respondents argue that the IJ's bond determination was discretionary and therefore not subject to this Court's review. Dkt. #21 at 7, *citing Prieto Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) (reasonableness of immigration bond not subject to judicial review) *and* 18 U.S.C. § 1226(e) ("No court may set aside any action or decision . . . regarding the . . . denial of bond or parole."). However, Petitioner has not asked this Court to second-guess the IJ's discretionary judgment, but instead to review the no-bond determination for legal error. Dkt. #17 at 1. Respondents acknowledge that this Court has habeas jurisdiction to review the IJ's determination for constitutional and legal error. Dkt. #21 at 3; *Singh v. Holder,* 638 F.3d 1196, 1202 (9th Cir. 2011) (determining that district court had habeas jurisdiction to review IJ's bond determination); *Ramos v. Sessions*, 293 F.Supp.3d 1021, 1025 (N.D. Cal. 2018), *appeal docketed*, No. 18-15884 (9th Cir. May 16, 2018). This Court has habeas jurisdiction to review an IJ's bond determination if Petitioner makes a colorable claim that the hearing did not fully comply with his due process rights. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009); *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001) ("To be colorable . . . the alleged violation need not be 'substantial,' . . . but the claim 'must have some possible validity.'") (internal citations omitted).

Petitioner alleges that the IJ impermissibly relaxed the government's evidentiary burden in his bond hearing. Dkt. #17 at 5. Specifically, Petitioner contends that by relying too heavily on Mr. Aden's criminal history to conclude that he should be detained without bond, the IJ did not require the government to show, by clear and convincing evidence, that Mr. Aden poses a current danger to the community. *Id.* at 8. Petitioner has made a

colorable claim that his bond hearing was unconstitutional or legally erroneous. His claim that the IJ misapplied the relevant evidentiary standard has possible validity on the existing record. *See Ramos*, 293 F.3d at 1025; *Singh v. Holder*, 638 F.3d at 1202; *Calderon-Rodriguez v. Wilcox*, 374 F.Supp.3d 1024, 1027 (W.D. Wash. 2019).

**B. Prudential exhaustion is required here.**

Although this Court has jurisdiction to hear Petitioner's colorable constitutional claim, the Court will not evaluate the merits of his claim until he has exhausted his administrative remedies. The Ninth Circuit distinguishes between constitutional claims that only an Article III court can resolve and issues with constitutional implications that may nonetheless be corrected by the BIA on appeal. *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir. 1995); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) ("the petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"). The latter category of challenges is subject to prudential exhaustion requirements. *Id.*

Petitioner's motion falls within the latter category of claims. Mr. Aden asserts that by relying too heavily on his criminal history in determining whether Mr. Aden is a danger to society, the IJ did not hold the government to the clear and convincing evidence standard, in violation of his constitutional due process rights. Dkt #17 at 10; Dkt. #25 at 6. But the BIA is capable of re-assessing the evidence and determining whether the government has carried its burden of demonstrating by clear and convincing evidence that Mr. Aden is a current danger and must be detained. *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n. 2 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before the BIA because the agency does have the power to

adjudicate procedural due process claims.").

The Ninth Circuit requires prudential exhaustion in habeas challenges to decisions by IJs, including bond determinations. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)*; Sun v. Ashcroft,* 370 F.3d 932, 935 (9th Cir. 2004); *Ortega-Rangel v. Sessions*, 313 F.Supp.3d 993, 1003 (N.D. Cal. 2018). A court may require prudential exhaustion if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). If, however, "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void," then this Court may waive the prudential exhaustion requirement. *Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 1981); *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies. *See Ortega-Rangel v. Sessions,* 313 F.Supp.3d 993, 1003 (9th Cir. 2018) (petitioner "must show that at least one of the *Laing* factors applies in order to excuse exhaustion"); *Leonardo*, 646 F.3d at 1161 (declining to waive exhaustion requirements because petitioner has not "demonstrated grounds for excusing [them]").

**C. Petitioner has not demonstrated that exhaustion should be waived.**

Ordinarily, an immigrant in Petitioner's position who is dissatisfied with an IJ's bond determination must administratively appeal the determination to the BIA. *Leonardo*, 646 F.3d at 1160. The BIA reviews the IJ's factual determinations for clear error and

reviews questions of law, discretion, and judgment *de novo*. 8 C.F.R. § 1003.1(d)(3)(i),(ii). Only if he remains unsatisfied by the BIA's decision may he file a habeas petition in a district court. *Leonardo*, 646 F.3d at 1160. If petitioner fails to exhaust his administrative remedies and there is no basis for waiver, the district court should "dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id.*

The *Puga* factors weigh in favor of requiring exhaustion in this case. First, the BIA is the subject-matter expert in immigration bond decisions and has the authority to review appeals from bond determinations by IJs. Executive Office for Immigration Review, Dep't of Justice, BIA Practice Manual (2018), at 1.4(a). Second, relaxation of the exhaustion requirement would likely encourage other detainees to bypass the BIA and directly appeal their no-bond determinations from the IJ to federal district court. Petitioner argues that Mr. Aden's case is "atypical" because of the circumstances of his removal order, but the present posture of his case is a common one. Finally, the BIA has the authority to correct the mistake Mr. Aden alleges, and such a correction could moot Petitioner's motion and preclude the need for judicial review. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Puga*, 488 F.3d at 815. Although Petitioner persuasively argues that the administrative record is sufficiently developed and no facts are contested, Dkt. #25 at 2, this does not outweigh the second and third factors.

Petitioner has not carried his burden in demonstrating that at least one of the *Laing* factors applies or otherwise shown that prudential exhaustion should be waived. Petitioner asserts that "BIA precedent upholding 'no bond' decisions demonstrates that the agency is unlikely to correct its own mistake," which makes appeal "futile." Dkt. # 17 at 6; Dkt. #25 at 2. Petitioner mischaracterizes futility in this context: exhaustion is futile

where the administrative agency's procedures guarantee a particular result and the agency is unlikely to change them on appeal. *Compare Avtar Singh v. Murray*, 2017 WL 6209384 (E.D. Cal. Dec. 8, 2017) (exhaustion of administrative remedies not futile where injury complained of could be addressed through administrative appeal) *with El Rescate Legal Services, Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991) (administrative appeal not required where petitioners challenged BIA policy of failure to translate deportation and exclusion proceedings). Petitioner has not demonstrated that the BIA has a specific policy of affirming IJs' bond decisions and has therefore not shown that appeal would be futile.

Petitioner also argues that "prolonged detention in violation of his constitutional rights" constitutes an irreparable injury. *Id.* The Court agrees that constitutionally defective detention constitutes an irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976). But Petitioner has not demonstrated that his detention pending appeal would violate his constitutional rights. First, he seeks the same remedy in the district court as he does in his simultaneous appeal to the BIA; a re-determination on bond. Second, he cites no authority for the position that detention following a bond hearing constitutes irreparable harm sufficient to waive the exhaustion requirement. Finally, Petitioner does not argue that the administrative remedies available would be inadequate, inefficacious, or void. Dkt. #25 at 2. Petitioner has not carried his burden in demonstrating that prudential exhaustion should be waived.

**C. It is premature to determine whether this Court has jurisdiction to enforce its prior order.**

Petitioner also argues that prudential exhaustion is inapplicable to a motion to enforce. Dkt. #17 at 6; Dkt. #25 at 1. Petitioner's motion to enforce is inextricably tied to

the merits of his constitutional claim. The government held a bond hearing: the only way the motion to enforce succeeds is if that hearing were so defective as to be a nullity. As discussed above, until the BIA reviews the IJ's no-bond determination, this Court cannot evaluate the merits of his constitutional claim and therefore cannot determine whether the government has fully complied with its underlying order.

## IV. Conclusion

Petitioner makes a colorable constitutional claim that the IJ violated his due process rights by misapplying the evidentiary standard. This Court therefore has habeas jurisdiction to review the IJ's no bond determination and potential grounds to find that the government failed to comply with the Court's prior order. However, because the BIA is capable of correcting the error in its *de novo* review of the bond determination on appeal, this motion is subject to prudential exhaustion requirements. Petitioner has failed to carry his burden in demonstrating that prudential exhaustion should be waived. Petitioner has not yet fully exhausted his administrative remedies, and this Court therefore will not reach a determination on its jurisdiction to rule on Petitioner's motion to enforce.

ACCORDINGLY, it is hereby ORDERED that Petitioner's motion to enforce court order is DENIED.

Dated this 7th day of November, 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING PETITIONER'S
MOTION TO ENFORCE COURT ORDER - 7