UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NAJIB ALI ADEN,

    Petitioner,

    v.

KIRSTJEN NIELSEN, *et al.*,

    Defendant.

Case No. C18-1441RSL

ORDER GRANTING IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on "Petitioner's Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act." Dkt. # 28. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

1) On June 20, 2019, the Court found that the Department of Homeland Security ("DHS") had failed to exercise its discretion to designate a country of removal outside of removal proceedings in a manner consistent with 8 U.S.C. § 1231(b) or the Due Process Clause. The Court also found that petitioner was entitled to a bond hearing. The government does not dispute that petitioner is the prevailing party in this matter for purposes of an award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B).

ORDER GRANTING IN PART
PETITIONER'S MOTION FOR
ATTORNEY'S FEES - 1

2) Petitioner has shown, and respondents do not dispute, that he is eligible for an award of fees under the EAJA: his net worth did not exceed $2,000,000 at the time this action was filed. 28 U.S.C. § 2412(d)(1)(B).

3) Because petitioner is an eligible, prevailing party, there is a presumption that fees will be awarded in this case. See Ibrahim v. U.S. Dep't of Homeland Sec., 912 F.3d 1147, 1167 (9th Cir. 2019) (quoting Comm'r INS v. Jean, 496 U.S. 154, 158, 163-64 (1990)). Defendants can rebut the presumption, however, by showing that the agency's underlying action and its litigation position were "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is substantially justified "if it has a reasonable basis in law and fact." Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (internal quotation marks and citation omitted).

4) The government argues that its pre-litigation and litigation positions were substantially justified because (a) DHS had a reasonable basis in law and fact for designating Somalia as the country of removal when Kenya refused to accept petitioner; (b) a reasonable person could find that DHS provided petitioner with adequate notice that he was to be deported to Somalia; and (c) a reasonable person could find that, by agreeing to stay petitioner's removal to allow him to seek to reopen his removal proceedings, DHS provided petitioner with an adequate opportunity to have his asylum claim heard. The first and third positions were substantially justified: the Court recognized DHS' authority to designate a country of removal outside post-removal order and acknowledges that the procedures for reopening removal proceedings to hear an asylum claim in that context were not clear at the time.

The government's ability to identify discrete issues on which its position may have

been substantially justified does not cure or avoid the unreasonable agency action that instigated this litigation, however.[1] The government was constitutionally obligated to give petitioner notice of the country to which he was being deported using procedures sufficient under the circumstances to give him a reasonable opportunity to raise and pursue his asylum claim. Mathews v. Eldridge, 424 U.S. 319, 348-49 (1976); Kossov v. INS, 132 F.3d 405, 408 (7th Cir. 1998) (Immigration Judge's failure to inform noncitizens, who were pro se, that they had the right to seek asylum was a "fundamental failure of due process"). The government's reliance on the deportation officer's statement of intent to seek travel documents from Somalia is, given petitioner's capabilities and circumstances in this case, insufficient. It is undisputed that petitioner objected to removal to Somalia and refused to cooperate with that effort. He was told, however, that he should wait and see if the travel documents were forthcoming before attempting to challenge the newly-designated country of deportation. Once the travel documents were issued, the government did virtually everything in its power to deport petitioner before he could claim asylum, much less be heard by a fair and impartial decisionmaker. The agency, with travel documents to Somalia in hand, tricked petitioner into coming to the agency's office, detained him without notice, transported him to a staging facility in Louisiana, and refused to tell him what they were planning to do with him. That plaintiff ultimately figured out that he was being removed to Somalia and took steps to stop the unlawful deportation does not mean that the government provided the process that was due.

        This due process violation is at the crux of this lawsuit. Petitioner specifically

---

[1] See Ibrahim, 912 F.3d at 1171 ("That some of the arguments made along the way by the government attorneys passed the straight face test until they were reversed on appeal does not persuade us that the government's position was substantially justified.").

ORDER GRANTING IN PART
PETITIONER'S MOTION FOR
ATTORNEY'S FEES - 3

alleged that the last minute notice that he was being removed to Somalia deprived him of a meaningful opportunity to apply for relief and prevented the government from making findings that are necessary under the governing statute. Those claims were adjudicated in petitioner's favor. Respondents' subsequent willingness to allow petitioner time in which to seek to reopen the removal proceedings and request asylum does not cure the original unlawful action. The agency's position was not substantially justified, and petitioner prevailed on his due process claim: an award of EAJA fees is therefore appropriate.

5) Petitioner seeks an award of $51,310 in fees and expenses based upon an hourly rate of $450 per hour for 109.2 hours of work and an additional $2,170 in expenses for the time spent by declarants Robert H. Gibbs and Devin T. Theriot-Orr in supporting the fee request. The Court is authorized to award fees above the statutory rate of $125 per hour, adjusted for inflation, when "a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

6) Petitioner has demonstrated, and respondents do not dispute, that his counsel has "distinctive knowledge" and "specialized skill" regarding both immigration law and litigation. <u>Nadarajah v. Holder</u>, 569 F.3d 906, 912 (9th Cir. 2009). Respondents argue, however, that counsel's skills were not necessary in this litigation because it was a relatively simple matter involving "a single petitioner seeking relief that the government had already agreed to give him - a stay of removal and an opportunity to present an asylum or other withholding claim before an Immigration Judge before being removed to Somalia." Dkt. # 30 at 7-8. Respondents offer no evidence or authority in support of this contention, and the Court cannot agree with their characterization of the case. Counsel had to, and did, convince the Court that the government's change in position did not moot

ORDER GRANTING IN PART
PETITIONER'S MOTION FOR
ATTORNEY'S FEES - 4

the earlier due process violation or otherwise provide the notice and opportunity to be heard that was his due. Two immigration specialists describe this case as falling at the intersection of an intricate statutory scheme and the Due Process Clause, with few practitioners skilled enough to handle the issues, much less handle them on an emergency, expedited basis. Dkt. # 28-3 at ¶¶ 12-17; Dkt. # 28-4 at 1-2. Counsel and the two immigration specialists urge that the specialized knowledge and skill necessary for this case was not available elsewhere at the statutory rate, even when adjusted for inflation. The Court finds that counsel is entitled to a fee above the statutory rate and that $450 per hour is reasonable in this context.

8) The Court also finds that, as a general matter, the number of hours spent on this litigation was imminently reasonable. Counsel spent a mere eleven hours researching, drafting, and filing the habeas petition and request for a restraining order. His response to the motion to dismiss, research into discovery options, review and response to the Report and Recommendation, and preparation of the fee petition were conducted in far less time than the Court would have expected to see based on its review of time records over the past two decades. Case management activities and client communications were likewise efficient and appropriate. All hours associated with those activities are recoverable at the rate of $450 per hour. Fees will not, however, be awarded for the stage of the litigation wherein petitioner sought to enforce the Court's prior order directing respondents to provide a bond hearing. That phase of the litigation was unsuccessful and is entirely separate - substantively and procedurally - from petitioner's successful efforts to obtain habeas relief.

9) Petitioner has shown, and respondents do not dispute, that the expenses incurred to support his fee petition are reasonable.

ORDER GRANTING IN PART
PETITIONER'S MOTION FOR
ATTORNEY'S FEES - 5

For all of the foregoing reasons, petitioner's motion for attorney's fees and expenses (Dkt. # 28) is GRANTED in part. The Court awards $36,720 in reasonable attorney's fees and $2,170 in reasonable expenses under the EAJA.

Dated this 6th day of December, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES - 6